UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARK J. WELCZ,**

       **Plaintiff,**

v.                                                                    **Case No:  6:12-cv-106-Orl-22GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

_____

**ORDER**

This cause is before the Court on Plaintiff Mark J. Welcz's ("Plaintiff") Complaint for review of the Final Decision of the Commissioner of Social Security denying the Plaintiff's claim for Social Security Disability benefits and Supplemental Security Income payments (Doc. No. 1).

The United States Magistrate Judge has submitted a report recommending that, pursuant to sentence four of 42 U.S.C. § 405(g), the decision be reversed and remanded for further proceedings. (Doc. No. 22).

After an independent *de novo* review of the record in this matter, including the objections filed by the Commissioner (Doc. No. 23) and Plaintiff's Response thereto (Doc. No. 24), the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation ("R & R").

**I. BACKGROUND**

The Court adopts as if fully set forth herein the background section from the Magistrate Judge's R & R.

In the present case, the Administrative Law Judge ("ALJ") held that since March 15, 2006, Plaintiff has suffered from degenerative disc disease (constituting a "severe impairment")

and an affective disorder. (Notice of Decision (Doc. No. 13), pp. 18–19.) As a result of these impairments, the ALJ found that since March 15, 2006, Plaintiff "has the residual functional capacity [("RFC")] to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) with the following exceptions: limited to occasional stooping, crouching, and bending; and limited to the performance of **simple, routine tasks**." (*Id.* at p. 22 (emphasis added).) Although the ALJ determined that Plaintiff's impairments manifested in March, 2006, she determined that "there were jobs that existed in significant numbers in the national economy that the claimant could have performed" until June 23, 2009, when Plaintiff's age category changed to "an individual of advanced age" and thus rendered him eligible for benefits. (*Id.* at pp. 26–27.) Plaintiff was thereby denied Social Security Disability benefits and Supplemental Security Income payments prior to June 23, 2009.

The Magistrate Judge concluded that "the ALJ's finding that the [limitation to routine tasks] 'ha[s] little or no effect on the occupational base of unskilled light work' is not supported by substantial evidence because the ALJ failed to provide any explanation or analysis regarding Claimant's limitation to routine tasks." (R & R (Doc. No. 22), p. 23.)

## II. COMMISSIONER'S OBJECTIONS

When an ALJ makes a disability determination, she follows a five-step evaluation process: (1) whether Plaintiff is currently performing substantial gainful activity; (2) whether Plaintiff has a severe impairment; (3) whether the severe impairment meets or exceeds an impairment in the listings; (4) whether the Plaintiff can perform his past relevant work; and (5) whether Plaintiff can perform other jobs that exist in the national economy. *See Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 136–37 (11th Cir. 2009) (per curiam) (citations omitted). The Plaintiff has the burden of proof on the first four steps; the Commissioner carries the burden on the fifth step. *Id.* (citation omitted). When reviewing the ALJ's findings of fact,

the Social Security Act mandates that "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citation omitted).[1]  As well, the Court reviews de novo the ALJ's conclusions of law. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).  If the ALJ fails to apply the correct law or provide the Court with sufficient reasoning for determining that the proper legal analysis was conducted, then the Court must reverse. *Id.* (citation omitted).

The Magistrate Judge found that the ALJ did not possess adequate support for her conclusion at step five that there was adequate work available to Plaintiff given his RFC and additional limitations. This finding was based on the Magistrate Judge's determination that the description of "unskilled" work in the medical vocational grids found in the Code of Federal Regulations does not specifically account for Plaintiff's limitation to "routine" tasks.[2] The Commissioner objects to this recommendation, arguing that "routine" work and "unskilled" work are sufficiently consistent such that they may be supported by the same evidence.

After de novo review, the Court agrees with the Magistrate Judge's ruling that the Commissioner's argument is without merit and adopts the same rationale set forth in the Magistrate Judge's Report and Recommendation. Although it is nonbinding, the Court finds the Eleventh Circuit's opinion in *Vuxta v. Commissioner of Social Security* to be persuasive. 194 F. App'x 874, 878 (11th Cir. 2006) (per curiam) (finding that "[a] limitation to repetitive tasks . . . is not contained within the definition of unskilled" in the C.F.R.). The Commissioner cites *Winschel v. Commissioner of Social Security* for the proposition that "routine" is a component of "unskilled." *See* 631 F.3d 1176, 1180 (11th Cir. 2011) ("But when medical evidence

---

[1] Substantial evidence is evidence that is "more than a scintilla, i.e. evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citations omitted).

[2] 20 C.F.R. § 404.1568 defines "unskilled work" as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time."

demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical [question posed to a vocational expert] to include only unskilled work sufficiently accounts for such limitations."). This quote is dicta, and in any event the court was not referring to the medical vocational grids' definition of "unskilled work" when making the comparison to routine tasks. This Court prefers the more applicable conclusion of the panel in *Vuxta*.

### III. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. The Report and Recommendation (Doc. No. 22), filed December 17, 2012, is **ADOPTED and CONFIRMED** and is made a part of this Order.

2. The Commissioner's objections are **OVERRULED**.

3. The final decision of the Commissioner is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g), and the case is **REMANDED** for further proceedings consistent with this Order.

4. The Clerk is directed to enter judgment in favor of Plaintiff, Mark J. Welcz, and to **CLOSE** the case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on February 5, 2013.

ANNE C. CONWAY
United States District Judge

- 5 -

Copies furnished to:

Counsel of Record
Unrepresented Parties